UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIONN NOVELL TAYLOR, | 2:25-cv-0199-CKD P |
| Plaintiff, | ORDER |
| v. | |
| JASON SCHULTZ, et al., | |
| Defendants. | |

Plaintiff Dionn Taylor, a state prisoner, proceeds without counsel and requests to proceed in forma pauperis. This matter was referred to the undersigned by Local Rule 302. See 28 U.S.C. § 636(b)(1). The complaint states an Eighth Amendment excessive force claim against defendant Ellis. No other claims are stated. Plaintiff must choose how to proceed and notify the court as set forth below.

**I.     In Forma Pauperis**

Plaintiff's declaration in support of the motion to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915(a). The motion is granted. By separate order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's

account exceeds $10.00 until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## III. Plaintiff's Allegations

On the morning of November 15, 2024, C/O Ellis and C/O Rodriguez searched plaintiff's cell. (ECF No. 1 at 2-3.) C/O Rodriguez stated plaintiff had broken his back window and that his cell was to be red-flagged. (Id. at 3.) Rodriguez told plaintiff to pack his personal property. (Id.)

There was no yard that morning, but morning yard-workers and other assigned inmates were released. (ECF No. 1 at 3.) Three inmates came into the housing unit and attacked plaintiff. (Id. at 4.) C/O Ellis attempted to stage the attack by providing bogus information to other inmates that plaintiff had broken his cell window. (Id.) C/O Ellis sprayed plaintiff with mace and twisted plaintiff's arm. (Id.)

## IV. Discussion

For screening purposes, plaintiff's allegations against defendant Ellis state a potential Eighth Amendment excessive force claim. See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992) ("In order to establish a claim for the use of excessive force in violation of the Eighth Amendment, a plaintiff must establish that prison officials applied force maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline."). Plaintiff does not state a claim against any other defendant.

There must be an actual connection or link between the actions of each defendant and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). Plaintiff's allegations do not demonstrate the other defendants personally participated in the deprivation of plaintiff's rights. See Simmons v. Navajo County, 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of

Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). Defendant Rodriguez is not alleged to have used any force against plaintiff or otherwise violated plaintiff's rights. Defendant Warden Schultz and defendant Sergeant B. Judd cannot be held liable solely because they held supervisory positions at the prison. See Rodriguez v. County of Los Angeles, 891 F.3d 776, 798 (9th Cir. 2018).

### V.  Leave to Amend

Plaintiff states a potential Eighth Amendment excessive force claim against defendant Ellis. No other claims are stated. Plaintiff may proceed on the complaint as screened or may file an amended complaint. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If plaintiff chooses to proceed on the complaint as screened, the court will construe this choice as a request to voluntarily dismiss the other claims and defendants pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure.

Plaintiff must complete and return to the court the attached notice along with any optional amended complaint. Local Rule 220 requires that an amended complaint be complete without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Any amended complaint should be titled "First Amended Complaint" and reference the case number. This opportunity to amend is not for the purposes of adding new and unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

### VI.  Plain Language Summary for a Pro Se Party

Your allegations against defendant Ellis state an Eighth Amendment excessive force claim. You may proceed on that claim and have defendant Ellis served or you may file an amended complaint. You must complete the attached notice and return it to the court within 30 days from the date of this order, along with any optional amended complaint.

In accordance with the above, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED.
2. Plaintiff's complaint states an excessive force claim against defendant Ellis; plaintiff may proceed on the claim against Ellis or file an amended complaint.
3. Within thirty (30) days of the date of this order, plaintiff shall complete and return the attached Notice of Election form along with any optional amended complaint.

3

4. Failure to respond to this order will result in a recommendation that this action be dismissed for failure to obey a court order and failure to prosecute.

Dated: June 30, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, tayl0199.scrn.elect

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIONN NOVELL TAYLOR,<br><br>Plaintiff,<br><br>v.<br><br>JASON SCHULTZ, et al.,<br><br>Defendants | 2:25-cv-0199-CKD P<br><br>NOTICE OF ELECTION |

Check **one**:

\_\_\_\_\_   Plaintiff wants to proceed on the complaint as screened with the excessive force claim against defendant Ellis. Plaintiff understands that by choosing to proceed on this claim, the court will construe the choice as a request to voluntarily dismiss the other claims and defendants pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure.

\_\_\_\_   Plaintiff wants to amend the complaint.

DATED:_____   _____
                                                                                              Plaintiff

5