UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIONN NOVELL TAYLOR, | No. 2:25-cv-0199 CKD P |
| Plaintiff, | |
| v. | ORDER |
| JASON SCHULTZ, et al., | |
| Defendants. | |

      Plaintiff is a former state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  Review of the docket indicates two court orders recently served to plaintiff were returned to the court undelivered. The Clerk of the Court will be directed to update the inmate number associated with plaintiff's address of record[1] and re-serve copies of those orders. Plaintiff's motions seeking production of evidence, appointment of counsel, and legal phone calls are also before the court. (ECF Nos. 24, 25.)  For the reasons set forth below, the motions are denied.

      Plaintiff's "motion for discovery" seeks production of video and audio evidence. (ECF No. 24 at 1-2.)  It is not clear whether plaintiff has served such a request to defendant's counsel.

---

[1] Plaintiff's most two recent filings indicate the number associated with his address of record should be 25671051, which is his booking number reflected at https://sfsheriff.com/find-person-jail.

1

After defendant has answered the complaint, the court will issue a case schedule pursuant to which the parties may serve formal discovery requests. Plaintiff is informed that court permission is not necessary for discovery requests, which should be sent to the defendant's counsel rather than to the court. Discovery requests between the parties shall not be filed with the court unless and until they are at issue in a motion brought under the under the Federal Rules of Civil Procedure. Accordingly, the motion for discovery is denied.

Plaintiff requests the court to appoint counsel. (ECF Nos. 24, 25.) District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel. Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Plaintiff also requests a court order for full access to the law library and for use of the telephone. (ECF No. 25.) Plaintiff does not allege he has attempted to use the law library for legal research and been denied. There is no suggestion plaintiff's right of access to the courts is being impaired. The court does not issue orders for ensuring access to the law library or telephone as plaintiff requests.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for production of evidence and to appoint counsel (ECF No. 24) is DENIED without prejudice.

2. Plaintiff's motion for access to the law library and for telephone use (ECF No. 25) is DENIED and the request for appointment of counsel is denied without prejudice.

3. The Clerk of the Court shall update the number associated with plaintiff's address of record to 25671051 and re-serve copies of the Consent Minute Order (ECF No. 22) and the Order Referring Case to Post-Screening Early ADR and Staying Case (ECF No. 23) to plaintiff.

Dated: November 26, 2025

*/s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 tayl0199.31.lib